UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES TRACIE, JR., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-5754** |
| **CARL FOSTER, ET AL** | **SECTION: "S" (4)** |

### ORDER AND REASONS

The motion for reconsideration under Fed. R. Civ. Proc. 60(b) (Doc. #31) by plaintiff James Tracie, Jr., is **DENIED**.

### BACKGROUND

On April 23, 2008, this court granted summary judgment in favor of the Tangipahoa Parish School System and Carl Foster, individually and in his capacity as an Amite City Police Officer and the Amite City Police Department, and dismissed all plaintiffs' claims with prejudice (Doc. #26). The pertinent facts are recited in the order and reasons, and are not repeated here (See Doc. #26). On May 22, 2008, James Tracie, in proper person, moved for reconsideration pursuant to Fed. R. Civ. Proc. 60(b).

**ANALYSIS**

**A) Legal Standard**

The Federal Rules of Civil Procedure to not recognize a motion for reconsideration.[1]  A motion for reconsideration filed more than ten days after the entry of the order is treated as a motion for relief under Fed. R. Civ. Proc 60(b).[2]  Fed. R. Civ. Proc 60(b) provides several reasons that a court may relieve a party from an order; the relevant ground for purposes of the instant motion is the existence of "mistake, inadvertence, surprise, or excusable neglect."

A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3]  Further, the burden of establishing "mistake, inadvertence, surprise or excusable neglect" is subject to a strict standard and requires more than mere ignorance.  This burden is borne by the movant, even one proceeding *pro se*.[4]

To obtain relief under Fed. R. Civ. Proc. 60(b), a party must show justifiable neglect and that a fair probability of success on the merits existed if the judgment were to be set aside.[5]

**B) Mistake, Inadvertence, Surprise, or Excusable Neglect**

Plaintiff complains that defendants' failure to cooperate with discovery sabotaged plaintiff's efforts in obtaining evidence relative to Carl Foster's authority to act as a reserve officer for Amite

---

[1] *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).

[2] *Texas A&M Research Foundation v.. Magna Transp., Inc.*, 338 F.3d 393, 400-01 (5th Cir. 2003).

[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

[4] *Birl*, 660 F.3d at 593.

[5] *Fed. Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988).

City Police Department while acting as a teacher for the Tangipahoa Parish School Board. In support of his motion, plaintiff attaches a copy of the ticket, the traffic citation and an excerpt from a student handbook which states that violations of traffic and safety regulations can result in "detention, extra job assignments, or loss of privilege of use of vehicle on campus."

Essentially, plaintiff's arguments relative to these documents are the same as those that this court carefully addressed in its order and reasons granting summary judgment for the defendants. Even considering plaintiff's attachments, plaintiff has not shown a "fair probability of success on the merits were the judgment to be set aside."[6]  Plaintiff has not presented grounds to warrant relief under Fed. R. Civ. Proc 60(b).[7]

The motion for reconsideration is **DENIED.**

New Orleans, Louisiana, this   28th   day of August, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[6] *See Fed. Sav. and Loan Ins. Corp.,* 858 F.2d at 1069.

[7] *Robertson-CECO Corp. v. Lab Project Resource Group, Inc.*, 2006 WL 2224759 (E.D. La. 2006).